## Case No. 514.

ARELL'S REPRESENTATIVES v. MARSTELLER et al.

[2 Cranch, C. C. 11.][1]

Circuit Court, District of Columbia. Nov. Term, 1810.

EXECUTORS AND ADMINISTRATORS — ACTIONS AGAINST—ATTORNEY'S FEES.

In suits in equity against executors and administrators in Virginia, a lawyer's fee is not to be taxed.

In equity. Bill, against executors, to account, and pay over distributive share. Decree accordingly.

Mr. R. I. Taylor, moved that the attorney's fee should be charged in the bill of costs. The act of assembly of 19th of November, 1792, § 14, says, "except against executors and administrators."

THE COURT (THRUSTON, Circuit Judge, absent) directed that an attorney's fee should not be taxed.

ARESTA, (FONTAINE v.) See Case No. 4,-905.

AREY, (MERRILL v.) See Case No. 9,468.

## Case No. 515.

The ARGO.

[7 Ben. 304][2]

District Court, S. D. New York. May, 1874.

SEAMAN'S WAGES—JURISDICTION—STALE-CLAIM NOTES.

1. A pilot was employed on a steamboat in the harbor of New York during several months in 1872 and several in 1873. The owners gave him notes for part of the amount, which notes were not paid. In April, 1874, he filed a libel against the boat. She had in the mean time been sold at sheriff's sale, and had been again sold to H., who had no knowledge of this claim, but had been told that the men on the boat had claims: *Held*, that the libellant's claim was not stale, and that he was entitled to a decree for his wages on his depositing the notes, properly endorsed, with the clerk, for the use of the claimant.

2. A vessel in a basin at Jersey City, which communicates directly with the Hudson river, lying at some piles about 40 feet from the dock, is subject to the process of the United States district court for the southern district of New York.

[Cited in The L. W. Eaton, Case No. 8,612; Kiernan v. The Norma, 32 Fed. 411.]

---

[1][Reported by Hon. William Cranch, Chief Judge.]

[2][Reported by Robert D. Benedict, Esq., and B. Lincoln Benedict, Esq., and here reprinted by permission.]

In admiralty. This was an action brought by Willett Martin, to recover wages for services on board the steamboat Argo, as pilot, from April 17th, 1872, to October 9th, 1872, and from June 21st, 1873, to October 14th, 1873. The libel was filed April 11th, 1874. It alleges the services performed, and the amount due, and that the owners had given him two notes therefor, which were unpaid, and which the libellant offered to surrender. The claimant, A. H. Harris, set up in answer, that the steamboat was not within the jurisdiction of the court, when she was attached under the process, and that he had bought the steamboat since the libellant's claim accrued, and without knowledge of such claim. It appeared, that the vessel, when attached under the process, was lying in what is called the Morris Canal Basin, at Jersey City, made fast to piles driven into the bottom, and about 40 feet from the side of the dock, and that the basin communicated directly with the waters of the Hudson river. Harris bought the vessel in February, 1874, from one Silbers, who bought her from a purchaser of her at a sheriff's sale. Harris bought without knowledge of the libellant's claim, but was told by Silbers that the men on the boat had claims. The libellant lived at South Amboy, N. J. and had been ill during the previous winter.

W. J. Haskett, for libellant.
H. Wallis, for claimant.

BLATCHFORD, District Judge. In this case, I am of opinion that this court acquired jurisdiction over the vessel by the attachment of her at the place where she was attached; that the libellant did not take the two notes in payment, or waive his lien by taking them; and that the defence of staleness cannot be alleged against his claim. The claimant is entitled to have the two notes, and, whenever they are deposited with the clerk of this court, for the use of the claimant, properly endorsed by the libellant, if that be necessary to pass the title to them, but without recourse to the libellant, then let a decree be entered for the libellant for $552.81, with interest from May 14th, 1874, with costs.